IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.                                                                     Criminal No. **3:19CR122**

**JELANI A. JONES,**

        Petitioner.

**MEMORANDUM OPINION**

Jelani A. Jones, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. ("§ 2255 Motion," ECF No. 51.)[1] Jones contends that he is entitled to relief upon the following grounds:[2]

| | |
|---|---|
| Claim One | "The indictment against petitioner fails to allege that at the time he possessed the firearm, petitioner knew he had been convicted of a crime punishable by more than one year" and at his "Rule 11 hearing [he] was never informed that the government would have to prove his knowledge of the prohibited status" and, in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his conviction and sentence under 18 U.S.C. § 922(g) is no longer valid and should be vacated. (*Id.* at 2.) |

The Government filed a response in which it argues that Claim One is barred by Jones's sworn statements under oath at his plea hearing. (ECF No. 55.) Despite receiving an extension of time in which to do so, Jones did not file a reply. Because Claim One is foreclosed by Jones's

---

[1] Jones titled this document "LIBERAL CONSTRUCTION STANDARD," but his next section is titled, "MEMORANDUM OF LAW IN SUPPORT OF 28 U.S.C. § 2255." (ECF No. 51, at 1.) A little over a month later, Jones filed a letter "to inquire as to the status of [his] timely filed motion filed under 28 U.S.C. 2255." (ECF No. 52, at 1.) Jones clearly intended his submission to be a motion pursuant to § 2255.

[2] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the capitalization, punctuation, and spelling, and omits any emphasis or symbols in quotations from the parties' submissions and the record.

validly entered Plea Agreement, *inter alia*, it will be DISMISSED. The § 2255 Motion (ECF No. 51) will be DENIED.

## I. PROCEDURAL HISTORY

On September 3, 2019, the grand jury charged Jones with possession of a firearm by a convicted felon based on Jones's possession of two firearms (Count One). (ECF No. 1, at 1.) On February 10, 2020, a Criminal Information was filed charging Jones with possession of a firearm by a convicted felon based on Jones's possession of only one firearm. (ECF No. 30.) On February 12, 2020, Jones pled guilty to the one-count criminal information. (ECF No. 34.) In his Plea Agreement, Jones agreed that he was "plead[ing] guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt." (ECF No. 34 ¶ 2.) In the Statement of Facts, Jones agreed "that the factual allegations contained in the Statement of Facts and in Count One of the Criminal Information are true and correct and that the United States could have proven them beyond a reasonable doubt" at trial. (ECF No. 35, at 1.) The Statement of Facts set forth the following:

> 1. On or about May 18, 2019, in the Eastern District of Virginia, the defendant, JELANI A. JONES, having knowingly been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did unlawfully and knowingly possess firearms, namely; (1) a 9mm Ruger, Model P95DC, semi-automatic pistol, bearing an obliterated, altered and removed serial number, that had been shipped and transported in interstate and foreign commerce.
> 2. On May 18, 2019, a Police Department Detective and a Virginia State Police Trooper were on a joint patrol in the Gilpin Court neighborhood of Richmond. At approximately, 6 p.m., the Virginia State Trooper observed a Mercury SUV with a defective brake light and conducted a traffic stop. The defendant Jelani JONES was the passenger.
> 3. While the Virginia State Trooper completed tasks related to the traffic stop, another Virginia State Trooper, who was assisting on joint patrols throughout Gilpin Court, ran a narcotics K-9 around the vehicle. After the K-9 alerted to the rear bumper of the Mercury SUV, the Virginia State Trooper asked

both men to exit the vehicle and placed them in handcuffs to ensure officer safety during the course of the search.

4. When searching the passenger side of the vehicle, one of the Virginia State Troopers observed a Glock box under the passenger seat and asked the defendant—is this yours?" JONES responded, "yeah that's mine." Inside the Glock box was a loaded 9mm Ruger, Model P95DC, semi-automatic pistol, bearing an obliterated, altered, and removed serial number. After being *Mirandized*, JONES again admitted to purchasing and owning the 9mm Ruger, Model P95DC, semi-automatic pistol, bearing an obliterated, altered, and removed serial number. The Virginia State Trooper also located a 9mm Ruger, Model SR9, semi-automatic pistol, bearing serial number 331-30088 in the center console of the vehicle.

5. JONES possessed the 9mm Ruger, Model P95DC, semi-automatic pistol, bearing an obliterated, altered, and removed serial number, after he had been previously convicted of a felony. At the time JONES possessed the firearm, he knew he had been previously convicted of a felony.

6. The 9mm Ruger, Model P95DC, semi-automatic pistol, bearing an obliterated, altered, and removed serial number, was manufactured outside the Commonwealth of Virginia, was transported in interstate commerce, and is a firearm, as defined in 18 U.S.C. § 921(a)(3).

7. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

(ECF No. 35, at 1–2.)

During the Rule 11 hearing, Jones agreed that he understood the charge against him and that he was aware that it carried a sentence of up to ten years in prison. (ECF No. 50, at 14.) Jones agreed that he reviewed his Plea Agreement and the Statement of Facts with counsel, that the facts contained in the Statement of Facts were true, and that he was pleading guilty because he was in fact guilty. (*Id.* at 15–18.) Jones also confirmed that he understood that if he received a higher sentence than he was expecting that was not a reason to change his mind and ask to plead not guilty. (*Id.* at 19.) Jones agreed that, by pleading guilty, he was giving up his right to go to trial and have the Government prove that he was guilty beyond a reasonable doubt. (*Id.* at 25–26.) The Court then explained that as part of proving that Jones was guilty of possession of firearm by a convicted felon, at trial, the Government would have to prove that "when you possessed the gun you knew you had been convicted of a felony." (*Id.* at 27.) Jones agreed that the Government

3

could prove that. (*Id.* at 28.) The Court found that Jones "[was] aware of the nature of the charges and consequences of the plea," found that the plea was knowing and voluntary, and then accepted the plea, and adjudged Jones guilty of the offense. (*Id.* at 29–30.)

Prior to sentencing, a Presentence Investigation Report ("PSR") was prepared. (ECF No. 43.) Jones's Base Offense Level was 24 because he committed the offense after receiving at least two felony convictions for a crime of violence or controlled substance offense. (*Id.* ¶ 14.) Jones received a four-level enhancement because the firearm had an altered or obliterated serial number. (*Id.* ¶ 15.) With a three-point deduction for acceptance of responsibility, Jones had a Total Offense Level of 25 and a Criminal History Category of V, which resulted in a restricted advisory guidelines range of 110 to 120 months of imprisonment. (*Id.* ¶¶ 21–23, 103–104.) Jones filed a Motion for a Variance arguing that a sentence of no more than 60 months was sufficient and not greater than necessary to accomplish the goals of the sentencing statute. (ECF No. 42.)

On July 14, 2020, the Court sentenced Jones to a variant sentence of 72 months, which was well-below the applicable guidelines range. (ECF No. 46, at 2.) Jones filed no appeal.

On June 17, 2021, Jones filed the § 2255 Motion that is currently before the Court.

## II. ANALYSIS

In Claim One, Jones asserts that: "The indictment against petitioner fails to allege that at the time he possessed the firearm, petitioner knew he had been convicted of a crime punishable by more than one year" and at his "Rule 11 hearing [he] was never informed that the government would have to prove his knowledge of prohibited status" and, in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his conviction and sentence under 18 U.S.C. § 922(g) is no longer valid and should be vacated." (ECF No. 51, at 2.)

4

### A. *Rehaif* Decision

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. A separate provision, 18 U.S.C. § 924(a)(2), states that anyone who "knowingly violates" § 922(g) shall be fined or imprisoned for up to ten years. In *Rehaif*, the Supreme Court determined that § 922(g) does not criminalize a defendant's "innocent mistake" and therefore, a conviction under § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful.[3] 139 S. Ct. at 2197. Thus, *Rehaif* held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he knew he belonged to the relevant category of persons barred from possessing a firearm*." *Id.* at 2200 (emphasis added).[4]

### B. Jones's Claim Lacks Merit and is Barred From Review Here

There are several reasons why Jones's claim must be dismissed.

---

[3] The defendant in *Rehaif* was convicted of being an alien unlawfully in the United States in possession of a firearm. 139 S. Ct. at 2194. At trial, Rehaif objected to the jury instruction "that the 'United States is not required to prove' that Rehaif 'knew he was illegally or unlawfully in the United States'" at the time he possessed the firearm. *Id.* (citation omitted). The district court overruled the objection, and Rehaif was convicted. *Id.* The Court of Appeals affirmed the conviction. *Id.* at 2195. The Supreme Court reversed, holding that the evidence "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

[4] In *Rehaif*, the Supreme Court addressed "what it means for a defendant to know he has 'violate[d]' 922(g)." 139 S. Ct. 2195. The Supreme Court set forth four elements that make possession of a firearm or ammunition unlawful: "(1) a status element (in this case, [being a felon with a sentence of imprisonment of more than one year]); (2) a possession element (to 'possess'); (3) a jurisdictional element ('in or affecting commerce'); and (4) a firearm element (a 'firearm or ammunition')." *Id.* at 2195–96. Only element (1) is at issue in the present case: whether Jones was aware that he had been convicted of a felony at the time he possessed the firearm.

5

### 1. Defective "Indictment"

As a preliminary matter, Jones pled guilty to a Criminal Information and specifically waived the right to be indicted. Therefore, to the extent that Jones challenges anything about the initial Indictment that was filed, that was not the operative charging document and any purported error in the Indictment is irrelevant. Second, to the extent that Jones is trying to argue that the criminal information was defective because it failed to set forth all elements of the charge, this type of challenge is waived by his validly entered guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense of which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.") Thus, any challenge to the Indictment of Criminal Information is waived by Jones's guilty plea.

### 2. Jones Was Informed of His Status at Plea Hearing and Agreed He Was Guilty

Jones also argues that at his "Rule 11 hearing [he] was never informed that the government would have to prove his knowledge of prohibited status." (ECF No. 51, at 2.) This is patently false. Jones pled guilty after the *Rehaif* decision, and both the Government and the Court ensured that Jones's knowledge of his status of a felon was an element of the offense and that Jones specifically agreed that he knew of his prohibited status at the time he had the firearm. In his Statement of Facts, Jones specifically that: "At the time JONES possessed the firearm, he knew he had been previously convicted of a felony." (ECF No. 35, at 2.) During the plea colloquy, Jones agreed that the facts contained in the Statement of Facts were true and correct, and agreed that if the matter had gone to trial the Government could have proved that "when you possessed the gun you knew you had been convicted of a felony." (ECF No. 50, at 27–28.) The Court found that

Jones's guilty plea was knowing and voluntary and that he was guilty of being a felon of a possession of a firearm. Accordingly, Jones's claim that he "was never informed that the government would have to prove his knowledge of prohibited status," (ECF No. 51, at 2), is entirely belied by the record and warrants no further discussion.

Finally, the Government argues that under *United States v. Lemaster*, 403 F.3d 216 (4th Cir. 2005), Jones's claim that he was never informed of the essential elements of the crime of felon in possession and that the plea lacked a factual basis is foreclosed by his statements under oath at his plea hearing. In light of the strong presumption of verity that attaches to a petitioner's declarations during his plea proceedings, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Lemaster*, 403 F.3d at 221 (citations omitted). Thus, the Fourth Circuit has admonished that, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221–22.

Nothing in the record would permit the Court to consider Jones's sworn statements at the plea colloquy as other than truthful. Jones agreed that the Government could prove that he was guilty of all elements of the offense of felon in possession of a firearm including that he knew he was prohibited from having a firearm at the time he was found in possession of the firearm. Therefore, based on his representations in his plea hearing, Jones's allegations here are palpably

7

incredible and are barred by his validly entered guilty plea. Accordingly, Claim One lacks merit and will be DISMISSED.[5]

### III. CONCLUSION

The § 2255 Motion, (ECF No. 51), will be DENIED. Claim One and the action will be DISMISSED. A certificate of appealability ("COA") will be DENIED.[6]

An appropriate Order shall accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
Senior United States District Judge

Date: 8 August 2023
Richmond, Virginia

---

[5] The Court notes that because Jones could have raised, but failed to raise, his *Rehaif* claim on direct review, absent a showing of cause and prejudice or actual innocence, Claim One is actually barred from review here. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998). The fact that he waived his right to appeal does not excuse this default. *Linder v. United States*, 552 F.3d 391, 397 (4th Cir. 2009) (explaining that a petitioner who waived the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that could have been raised on appeal."). Jones offers no cause and prejudice, and he does not show that actual innocence excuses his default. The Government, however, failed to make this argument, so the Court dismisses the action on other grounds.

[6] An appeal may not be taken from a final order in a § 2255 proceeding unless a judge issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Jones has not met this standard.

8